IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | CR. No. 06-104ML |
| | : | |
| FRANCIS MANUEL PENA | : | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Defendant Francis Manuel Pena (Pena) awaits sentencing following his plea of guilty to the offense of re-entry after deportation, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). By letter sent to the United States Probation Officer, Pena seeks a "small departure" under U.S.S.G. §§ 5K2.11 and 5K2.12. Pena raises no objections to the Presentence Investigation Report (PSR). His guidelines range is 27 to 33 months. PSR ¶ 47. He does not specify the sentence he seeks.

Section 5K2.11 **Lesser Harms (Policy Statement)** states, in part:

> Sometimes, a defendant may commit a crime in order to avoid a perceived greater harm. In such instances, a reduced sentence may be appropriate, provided that the circumstances significantly diminish society's interest in punishing the conduct, for example, in the case of a mercy killing. Where the interest in punishment or deterrence is not reduced, a reduction in sentence is not warranted. . .
>
> In other instances, conduct may not cause or threaten the harm or evil sought to be prevented by the law proscribing the offense at issue. . .

Section 5K2.12 **Coercion and Duress (Policy Statement)** states:

> If the defendant committed the offense because of serious coercion, blackmail or duress, under circumstances not amounting to a complete defense, the court may depart downward. The extent of the decrease ordinarily should depend on the reasonableness of the defendant's actions, on the proportionality of the defendant's actions to the

> seriousness of coercion, blackmail, or duress involved, and on the extent to which the conduct would have been less harmful under the circumstances as the defendant believed them to be. Ordinarily, coercion will be sufficiently serious to warrant departure only when it involves a threat of physical injury, substantial damage to property or similar injury resulting from the unlawful action of a third party or from a natural emergency. Notwithstanding this policy statement, personal financial difficulties and economic pressures upon a trade or business do not warrant a downward departure.

Addressing § 5K2.12 first, there is absolutely no evidence that Pena re-entered the United States illegally as a result of serious coercion, blackmail, or duress. There is no evidence of threat of physical injury, substantial damage to property, or similar injury. As the First Circuit has noted, "mere" duress is not enough; the duress must be "serious." United States v. Sachdev, 279 F.3d 25, 28 (1st Cir. 2002). The District Court must "objectively determine whether a reasonable person in defendant's position would perceive there to be a threat, explicit or implicit, of physical injury, substantial damage to property, or similar injury resulting from the unlawful action of a third party (or from a natural emergency)." Ib. at 29. It is the defendant's obligation to demonstrate he had no reasonable alternative available to him than to illegally re-enter the United States. United States v. Beal, 352 F.Supp.2d 14, 21 (D. Maine 2005). There is no basis upon which to grant such a departure.

Good faith is not a defense to a charge of re-entry after deportation in violation of 8 U.S.C. § 1326(a). The government is not required to prove the defendant had a specific intent to re-enter the United States unlawfully. United States v. Gonzalez-Chavez, 122 F.3d 15, 17 (8th Cir. 1997) (citing cases); United States v. Soto, 106 F.3d 1040, 1041 (1st Cir. 1997).

With that in mind, why Pena decided to re-enter the United States is irrelevant for any purpose, particularly for purposes of applying § 5K2.11 and should not serve as a basis for a downward departure. See, United States v. Hernandez-Baide, 392 F.3d 1153, 1158 (10th Cir.

2004) (re-entering United States to settle parental custody concerning 11-year old daughter does not, as a matter of law, support a § 5K2.11 downward departure for convictions under 8 U.S.C. § 1326); United States v. Saucedo-Patino, 358 F.3d 790, 794-95 (11th Cir. 2004) (defendant's motive for re-entry, support of his family, not relevant under § 5K2.11); United States v. Dyer, 325 F.3d 464, 470-71 (3rd Cir. 2003) (motive of the illegal entrant in re-entering the United States is irrelevant); United States v. Carrasco, 313 F.3d 750, 755-56 (2nd Cir. 2002) (fact that defendant re-entered the United States to care for his ill father, not to commit another crime, is not relevant under 8 U.S.C. § 1326 and does not support a § 5K2.11 departure).

Under § 5K2.11, there is no lesser harm. The harm sought to be prevented is the illegal re-entry itself. United States v. Dyck, 334 F.3d 736,742 (8th Cir. 2003). A departure on this basis should be rejected.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Kenneth P. Madden
Kenneth P. Madden
First Assistant U.S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5002 (fax)
kenneth.madden@usdoj.gov
R. I. Bar # 1680

CERTIFICATION

I hereby certify that on the_____ day of February, 2007, I electronically filed and served the Within Government's Sentencing Memorandum to:

John M. Cicilline, Esq.
Law Offices
The State Bank Building
383 Atwells Avenue
Providence, RI 02909

/s/ Kenneth P. Madden
Kenneth P. Madden