**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **VS.** | **:** | **CR No. : 06-104-ML** |
| | **:** | |
| **FRANCIS MANUEL PENA** | **:** | **February 9, 2007** |

## MOTION TO DEPART

Now comes the Defendant in the above-entitled cause and moves for a departure in accordance with United States V. Booker, 543 U.S. 220 (2005).

Respectfully submitted,
FRANCIS MANUEL PENA,
By his Attorney,

*/s/ John M. Cicilline*

John M. Cicilline, Esq. #3350
381 Atwells Avenue
Providence, RI 02909
Office 401 273-5600
Fax 401 454-5600
jmcicilline387@aol.com

## CERTIFICATION

I hereby certify that on February 9, 2007, a true copy of the above document was served upon all attorneys of record by ECF filing.

*/s/ John M. Cicilline*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **VS.** | : | **CR No. : 06-104-ML** |
| | : | |
| **FRANCIS MANUEL PENA** | : | **February 9, 2007** |

**MEMORANDUM IN SUPPORT TO MOTION TO DEPART**

All Sentences imposed after United States v. Booker, 543 US 220 (2005) must conform to the reasonableness test established by Booker. Procedurally, under the advisory guidelines, the sentencing court is to begin by calculating the applicable guideline range and then determine whether other factors warrant an ultimate sentence above or below the guideline range. United States v. Zapete-Garcia, F.3d (1st Cir. 2006) (No. 05-1352); United States v. Jimenez-Beltre, 440 F.3d 514 (1st Cir. 2006) (en banc). In this effort the court must consider factors identified by the parties and it is also bound to consider the several sentencing factors set out in 18 U.S.C. 3553 (a). United States v. Alli, F. 3d (1st Cir. 2006) WL893620.

These factors include:

a) the nature and circumstances of the offense and the history and characteristics of the defendant

b) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training or medical care

c) the kinds of sentences available

d) the kinds of sentence and the sentencing ranges established by the guidelines.

e) any pertinent policy statements

f) The need to avoid unwarranted sentence disparities' among defendants with similar records who have been found guilty of similar conduct, and

g) the need to provide restitution to any victims of the offense.

In Zapete-Garcia, the circuit emphasized the need for the sentencing court to considerer the section 3553 (a) factors, and highlighted the importance of particularizing the sentence chosen.

Reasonableness, as defined by Booker, is a condition which must color every sentence. And it matters not whether the reasonableness quotient takes the case out of the guidelines. United States v. Jimenez-Beltre, 440 F.3D 514 (1st Cir. 2006) because the guidelines are still generalizations that can point to outcome that may appear unreasonable, to a sentencing judge. Id. The court, thus has a new found discretion to impose a non guideline sentence. Id; United States v. Robinson, 433 F. 3d 31 (1st Cir. 2005).

In Koon v. United States, 518 US 81 (1996) the court held that if a factor is not expressly forbidden it may, at least in an exceptional case serve as a basis for a departure. The only departure factors entirely forbidden by the guidelines are race, sex, national, origin, creed, religion and social and economic status. United States v. Alina Perez, 160 F. 3d 87 (1st Cir. 1999); United States v. Rivera, 994 F.2d 942 (1st Cir 1993), United States v. Skalr, 920 F.2d 107 (1st Cir. 1990).

The Cases all recognize the wisdom and even the necessity of sentencing procedures that take into account individual circumstances. Koon, pg. 92. In doing so, courts are authorized to depart in cases that feature aggravating or mitigating circumstances of a kind or degree not adequately taken into account by the Sentencing Commission.

In general sentencing courts are to regard each guideline as carving out a heartland, a set of typical cases embodying the conduct each guideline describes. United States v. Grandmaison, supra; Guideline Manual Ch. 1, Pt. A Introduction Comment 4 (b); United States v. Jackson, 30 F3d 199 (1st Cir. 1994). Departures, therefore, are to be the exception rather than the rule. Jackson, at 201; United States v. De Costa, 37 F.3d (5th Cir. 1994). The court, however, has the power to depart downwardly in unusual cases where circumstances are out of the ordinary. United States v. Rivera Maldonado, 194 F.3d 224 (1st Cir. 1999); see also United States v. Gaskill, 991 F. 2d 82 (3d Cir. 1993); United States v. Johnson, 964 F.2d 124 (2nd Cir. 1992); United States v. Alba, 933 F.2d 1117 (2nd Cir. 1991); United States v. Pena, 930 F.2d 1486 (10th Cir. 1991).

The Sentencing Reform Act does permit a sentencing court to depart from a guideline presumptive sentencing range when it finds that there exists an aggravating or mitigating circumstance of a kind or to a degree, not adequately taken into account by the Sentencing Commission in formulating the guidelines. Williams v. United States, 503 US 193 (1992); United States v. Rivera, 994 Fed. 942 (1st Cir. 1993).

The sentence which the court ultimately fashions must be sufficient but not greater than necessary for achieving the legitimate objectives of sentencing. United

States v. Dixon, 449 F.3d 194 (1st Cir. 2006); United States v. Jimenez-Beltre, 440 F.3d at 518-519.

It is the defendant's position that he is entitled to departure based on 5 K 2.0. A departure under this section is warranted when the court determines that a mitigating circumstance exists of a kind, or to a degree not adequately taken into consideration by the sentencing commission in formulating the guideline. The defendant deserves a small departure under 5 K 2.11 (Lesser Harms) and 5 K 2.1 (Coercion and Duress).

The commission didn't adequately address a situation where a parent has been separated from a young child who is in danger because the parent has been deported. The innate concern of a parent is to protect their young. A parent at all costs will do what they have to in order to protect their offspring. There are times when judgment is clouded and the innate desire to protect causes the parent to react. In the animal kingdom no matter how big the predator is, the parent does what it has to in order to protect its young.

Here, we have Mr. Pena who was deported. He had no ability to protect his 8 year old son who remained in the United States with his mother who was an alcohol and drug abuser. The paternal instinct to protect at all cost motivated Mr. Pena to return to the United States without permission.

This I submit is exactly what 5 K 2.11 is talking about when it says "sometimes a defendant may commit a crime in order to avoid a perceived greater harm." This may be appropriate provided the circumstance significantly diminish society's interest in punishing the conduct. Who can blame a parent for protecting its young at all costs.

The 5K2.11 guideline goes on to say that in some instances the conduct, returning to the United States, may not cause or threaten the harm sought to be prevented the law. Under 5K2.12 the court may depart down if the defendant committed the offense because of serious coercion or duress, under circumstances not amounting to a complete defense.

When you view these 3 section of the guidelines one can see that Mr. Pena may deserve a small downward departure because of the pressure he believed he was under because his son was not being cared for properly and he felt that placed him in serious danger. This pressure and perceived threat caused him to make a decision he had no control of.

His son is now living with the defendant's mother and sister in the Dominican Republic. The defendant's new wife has recently given birth to a new baby. The defendant plans to return to the Dominican Republic with his new wife and their child. He will then be able to form a healthy family unit so his children will grow up with loving parents.

Respectfully submitted,
FRANCIS MANUEL PENA,
By his Attorney,

/s/ *John M. Cicilline*

John M. Cicilline, Esq. #3350
381 Atwells Avenue
Providence, RI 02909
Office 401 273-5600
Fax 401 454-5600
jmcicilline387@aol.com

**CERTIFICATION**

I hereby certify that on February 9, 2007, a true copy of the above document was served upon all attorneys of record by ECF filing.

/s/ *John M. Cicilline*