UNITED STATES DISTRICT COURT
For The ________________ District Of RHODE ISLAND

| | | |
|---|---|---|
| FRANCIS MANUEL PENA | ) | DOCKET NUMBER 06-00104-01ML. |
| Petitioner | ) | |
| v | ) | |
| | ) | |
| United States of America | ) | |
| Respondent | ) | |

Motion for Sentence Adjustment

Comes now, FRANCIS MANUEL PENA Defendant/Petitioner, a permanent resident alien was convicted of: RE-ENTRY and is presently serving his time at NEOCC, YOUNGSTOWN, OHIO . Because of his status as a deportable Alien, Petitioner was ineligible to receive the rewards which are offered for the residential drug abuse program (DAP). Also petitioner cannot receive a timely half-way house-release. This place the Defendant/Petitioner to serve sentence under circumstances more severe than those facing citizens under similar circumstances. "Collateral Consequences" are not part of the Judgment of conviction and are not imposed upon the Defendant for the purpose of punishing him. The issue presented by this case is whether unusual harsh collateral consequences that are visited by law on a Defendant as a result of his conviction may provide a basis for mitigating the penal sanction that would otherwise be required by the sentencing guideline. Collateral consequences are not part of the Judgment of conviction and are not imposed upon the Defendant for the purpose of punishing him. The effect of such consequences, however, are as punitive as a term of incarceration. This is particular true in this case where the collateral consequences is deportation and where a consequences of that consequence is a longer period on imprisonment under more severe conditions that would apply to a UNITED STATES CITIZEN convicted of the same offense.

U.S. V Restrepo.cite as 802 F. supp. 781 (E.D.N.Y. 1992)

Solely because of his status as a deportable alien, the Defendant sentence will be served under circumtances that are more severe than those facing a United States citizen, who are equally culpable and who receive the identical guideline sentence, the defendant/petitioner will not be eligible to serve his sentence in minimum security facilitys nor a portion of the last ten (10) percent of his sentence in a half-way house or other community custody program including home confinement, Defendant/Petitioner has the right to receive a reduction of sentence not to exceed six (6) months.

## CONCLUSION

Defendant/Petitioner feel that he is entitled to the above mentioned six (6) months reduction of sentence under Restrepo v. U.S.A., 802 supp.781 (E.D.N.Y. 1992).

Petitioner is not a learned man of the law and therefore asks this honorable court to read this motion with leniency afforded to such an unlearned man of the law.

## PRAYER

Defendant/Petitioner pray that this honorable court grant him and order for the requested adjustment of sentence.

Respectfully Submitted,

______________________________

# Certificate of Filing and Service

Pursuant to the principles of Houston v. Lack. 487 U.S. 226.101.L.E.D. 2D. 245, 108.S.C.T. (1988). And Supreme Court rule 29.2 the attached document were filed with this court on **April 2, 2008** and served on counsel for the opposing party and duplicated of said documents into prison mail collection box, in sealed envelopes, first class postage affived and addressed to the clerk of this court and the opposing counsel at the addresses set in the clerk's record.

C.C. Mailed
To: **ASSISTANT UNITED STATES ATTORNEY: KENNETH P. MADDEN, ESQ.**
**50 KENNEDY PLAZA- 8th FLOOR, PROVIDENCE, RI. 02903**

The declare under penalty of perjury, under the laws of UNITED STATES OF AMERICA. That the foregoing is true and correct to the best of my knowledge.

Date **April 2, 2008**

The below signed litigant is incarcerated in **NORTHEAST OHIO CORRECTIONAL CENTER/NEOCC.** at: **YOUNGSTOWN, OHIO 44505**

and is filing the documents Pro-se.

Signature Francis Manuel Peña