IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 06-104ML |
| | ) | |
| FRANCIS MANUEL PENA | ) | |

**GOVERNMENT'S OBJECTION TO DEFENDANT'S**
**MOTION FOR SENTENCE ADJUSTMENT**

Comes now the United States of America, by and through its Attorneys, Robert Clark Corrente, United States Attorney, and Kenneth P. Madden, Assistant United States Attorney, and objects to Defendant's motion for sentence adjustment for those reasons stated in the accompanying memorandum.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Kenneth P. Madden
Kenneth P. Madden
RI Bar No. 1680
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of April 2008, I served a copy of the within Government's Objection To Defendant's Motion For Sentence Adjustment, by ordinary mail, postage prepaid, to:

Francis Manuel Pena
Reg. # 04842-070
Northeast Ohio Correctional Center
Correctional Institution
2240 Hubbard Rd.
Youngstown. OH 44505

/s/ Kenneth P. Madden
Kenneth P. Madden
RI Bar No. 1680
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 06-104ML |
| | ) | |
| FRANCIS MANUEL PENA | ) | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS**
**OBJECTION TO DEFENDANT'S MOTION FOR SENTENCE ADJUSTMENT**

Introduction

Francis Manuel Pena (Pena or Defendant) was convicted of a single count of re-entry after previous deportation in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Pena is a citizen of the Dominican Republic. His Sentencing Guidelines range was 27-33 months imprisonment. He was sentenced by this Court on February 20, 2007 to thirty months imprisonment and three years supervised release. In keeping with the express terms of his plea agreement, he did not file a notice of appeal.

Pena now files the instant motion requesting that this Court reduce his sentence by a term not exceeding six months. He argues that due to his status as a deportable alien, he is not entitled to benefits that other sentenced prisoners who are United States citizens might receive. Specifically, he mentions the ability of other sentenced prisoners to receive an assignment to a half-way house or other community custody program prior to the end of their sentence. Pena cites no authority under which the Court could act.

Argument

The government contends that this Court is without jurisdiction, and is unaware of any procedural vehicle which would allow the Court to grant Pena the relief he seeks.

Rule 35 of the Federal Rules of Criminal Procedure and sections 3582(b) and (c) of Title 18, United States Code, permit the Court to correct or modify a term of imprisonment under limited circumstances. A sentence may be corrected pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure or 18 U.S.C. § 3742; it may be modified for substantial assistance pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure; it may be modified pursuant to a remand by the Court of Appeals under 18 U.S.C. § 3742; it may be modified upon motion by the Director of the Bureau of Prisons where certain statutory conditions have been satisfied; and it may be modified where the Sentencing Commission has subsequently lowered the sentencing range originally applicable to the defendant and where such reduction has been made retroactive. None of these circumstances exist in Pena's case.

A Court may also have authority to modify a sentence pursuant to 28 U.S.C. § 2255. That section states, in part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
> (1) the date upon which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

The one-year period of limitation bars Pena from relief. The Judgement was entered February 22, 2007. His one-year period commenced on that date. Pena did not deposit the instant motion in the prison mail system until April 2, 2008 at the earliest. By that time, the one-

year period had expired, and Pena does not allege any facts which might fall within one or more of the remaining three exceptions.

For the foregoing reasons, Pena's request must be denied.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Kenneth P. Madden
Kenneth P. Madden
Assistant U.S. Attorney
RI Bar No. 1680
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of April 2008, I served a copy of the within Government's Memorandum In Support Of Its Objection To Defendant's Motion For Sentence Adjustment, by ordinary mail, postage prepaid, to:

Francis Manuel Pena
Reg. # 04842-070
Northeast Ohio Correctional Center
Correctional Institution
2240 Hubbard Rd.
Youngstown. OH 44505

/s/ Kenneth P. Madden
Kenneth P. Madden
RI Bar No. 1680
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov